## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| IN RE: | |
|---|---|
| Patricia Mitchell, | CASE NO.: 19-10702-SDB |
| Debtor. | CHAPTER 13 |

## MOTION TO APPROVE LOAN MODIFICATION

COMES NOW Nationstar Mortgage LLC d/b/a Mr. Cooper ("Secured Creditor"), by and through counsel, files this "Motion to Approve Loan Modification" by showing to this Honorable Court the following:

1.

This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1334, 151 and 157.

2.

This Court is the proper venue for this matter pursuant to 28 U.S.C. Section 1409.

3.

This matter is a core proceeding as defined in 28 U.S.C. Section 157(b)(2)(D).

4.

Patricia Mitchell (the "Debtor") filed the petition for relief in the above-styled Chapter 13 case on June 2, 2019.

5.

Secured Creditor hold a valid lien on the real property located 301 E. Broad Street, Louisville, GA 30434.

6.

Under the current loan, the principal amount was $85,220.73 (Claim #11), with a maturity date of February 1, 2048. The current interest rate is 5.125% with a monthly payment amount of $771.67.

7.

Secured Creditor and Debtor have reached an agreement to modify the loan. The principal amount owed under the modified loan will be $94,779.69. The interest rate is reduced to 3.1250%. The monthly payment amount will be approximately $799.86 including monthly escrow of $461.49. The maturity date of the modified loan will be June 1, 2052.

8.

As part of the Loan Modification Agreement, Debtor and Secured Creditor entered into a Subordinate Note and Partial Claim Security Deed (the "Partial Claim") that deferred certain payments until the sale, transfer, or maturity of the underlying loan. The deferred payments total $15,789.41.  The Loan Modification brings the account contractually current and due for the July 1, 2022 payment. A copy of the Loan Modification is attached as Exhibit A.

9.

Secured Creditor seeks this Court's approval as a condition to the effectiveness of the Loan Modification and to allow recording in land records if necessary.  No parties will be prejudiced by approval of this agreement.

**WHEREFORE**, Secured Creditor, respectfully requests this Honorable Court enter an Order Granting the Motion to Approve Loan Modification, and for any such further relief as this Honorable Court deems just and proper.

Date:  July 22, 2022

**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**

 /s/  Andrea L. Betts
Andrea L. Betts
Attorney for Creditor
Georgia Bar #432863
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
10700 Abbott's Bridge Road, Suite 170
Duluth, GA 30097
Telephone: 470-321-7112
Fax: 404-393-1425
E-mail: abetts@raslg.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 22, 2022, I electronically filed the foregoing with

the Clerk of Court by using the CM/ECF system, and a true and correct copy has been served via

CM/ECF or United States Mail to the following parties:

Patricia Mitchell
301 E. Broad Street
Louisville, GA 30434

Joseph E. Spires
Ward & Spires, LLC
P O Box 1493
Augusta, GA 30903

Huon Le
P.O. Box 2127
Augusta, GA 30903

Office of the U. S. Trustee
33 Bull Street, Suite 400
Savannah, GA 31401

                                    **Robertson, Anschutz, Schneid, Crane & Partners, PLLC**

                                     /s/  Andrea L. Betts
                                    Andrea L. Betts
                                    Attorney for Creditor
                                    Georgia Bar #432863
                                    Robertson, Anschutz, Schneid, Crane & Partners, PLLC
                                    10700 Abbott's Bridge Road, Suite 170
                                    Duluth, GA 30097
                                    Telephone: 470-321-7112
                                    Fax: 404-393-1425
                                    E-mail: abetts@raslg.com

# EXHIBIT A

Recording Requested By/Return To:

**NATIONSTAR MORTGAGE LLC**
**D/B/A MR. COOPER**
**999 TECH ROW, #200**
**MADISON HEIGHTS, MICHIGAN**
**48071**

This Instrument Prepared By:
**NATIONSTAR MORTGAGE LLC**
**D/B/A MR. COOPER**
**8950 CYPRESS WATERS BLVD.**
**COPPELL, TX 75019**

———————————— [Space Above This Line For Recording Data] ————————————

**Document Date: 05-05-2022**

# MODIFICATION AGREEMENT

 **Property Address: 301 E BROAD ST,**
**LOUISVILLE, GEORGIA 30434**

**Loan Number** ███████
**FHA Case Number** ███████

The current principal balance of $82,602.31 is not increasing as a result of this modification. The unpaid principal balance of the loan, as modified, is $78,990.28. The original principal balance of the loan on which mortgage and recording taxes were previously paid was $86,487.00.

  This Loan Modification Agreement ("Agreement"), effective on **1ST DAY OF JULY, 2022**, between **PATRICIA MITCHELL** ("Borrower"), and **NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER** ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed

91003004v3.1
Rev. 10/16
Version 05_04_2022_15_00_19

*(page 1 of 10)*

██████████████

**Loan Number** █████████

(the "Security Instrument") dated **JANUARY 30, 2018** and recorded in **RECORDED DATE : 02/09/2018 BOOK : 572 PAGE : 219** and (2) the Note in the original principal sum of U.S $86,487.00, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

**301 E BROAD ST, LOUISVILLE, GEORGIA 30434**

(Property Address)

the real property described being set forth as follows:

**LEGAL DESCRIPTION:**

**ALL THAT TRACT OR PARCEL OF LAND, TOGETHER WITH DWELLING HOUSE AND ALL OTHER IMPROVEMENTS LOCATED THEREON, LYING AND BEING IN THE CITY OF LOUISVILLE, 82ND G.M.D., JEFFERSON COUNTY, GEORGIA, AND BEING SHOWN AS PARCEL 2 ON PLAT OF SURVEY MADE BY WALTER K. MAUPIN, SURVEYOR, DATED MAY 22, 1969, AND RECORDED IN DEED BOOK 79, PAGE 585, JEFFERSON COUNTY RECORDS. SAID PROPERTY FRONTS TO THE SOUTHWEST ON EAST BROAD STREET, A DISTANCE OF 121.0 FEET, MORE OR LESS, AND IS BOUNDED NOW OR FORMERLY AS FOLLOWS: ON THE NORTHWEST BY SCREVEN STREET; ON THE NORTHEAST BY PARCEL 1 AS SHOWN ON SAID PLAT; ON THE SOUTHEAST BY PARCEL 3 AS SHOWN ON SAID PLAT; AND ON THE SOUTHWEST BY EAST BROAD STREET. REFERENCE IS MADE TO SAID RECORDED PLAT FOR A FULLER AND MORE PARTICULAR DESCRIPTION.**

Tax Parcel No.: ████████

If my representations and covenants in Section 1 continue to be true in all material respects, then this Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Security Instrument on the Property, and (2) the Promissory Note secured by the Security Instrument ("Original Note"). The Security Instrument and Original Note together, as they may previously have been amended, are referred to as the "Loan Documents." Except for "Subordinate Note" and "Subordinate Security Instrument", capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

I understand that after I sign and return the Subordinate Note, Subordinate Security Instrument, and two copies of this Agreement to the Lender, the Lender will send me a signed copy of this Agreement. This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1.     **My Representations and Covenants**. I certify, represent to Lender, covenant and agree:

    A.     I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents or my default is imminent, and (ii) I do not have sufficient income or access to sufficient liquid assets to cure the default or to make the monthly mortgage payments now or in the near future;

    B.     One of the borrowers signing this Agreement, the Subordinate Note, and the Subordinate Security Instrument lives in the Property as a principal residence, and the Property has not been condemned;

████████████████████████████████████

Loan Number ████████

    C.    There has been no impermissible change in the ownership of the Property since I signed the Loan Documents. A permissible change would be any transfer that the Lender is required by law to allow, such as a transfer to add or remove a family member, spouse or domestic partner of the undersigned in the event of a death, divorce or marriage;

    D.    Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct; and

    E.    If Lender requires me to obtain credit counseling in connection with the Program, I will do so.

2.    **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

    A.    If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that any of my representations in Section 1 are no longer true and correct or any covenant in Section 1 has not been performed, the Loan Documents will not be modified, this Agreement will terminate, and the Subordinate Note and Subordinate Security Instrument will not be in effect. In that event, the Lender will have all of the rights and remedies provided by the Loan Documents; and

    B.    I understand that the Loan Documents will not be modified unless and until (i) the Lender accepts this Agreement by signing and returning a copy of it to me, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3.    **The Modification.** If my representations and covenants in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on **JULY 01, 2022** (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. The first modified payment will be due on **JULY 01, 2022**.

    A.    The Maturity Date will be: **JUNE 01, 2052**.

    B.    The current Total Outstanding Balance of my loan includes all unpaid principal and amounts that will be past due as of the Modification Effective Date. The current Total Outstanding Balance of my Original Note includes unpaid principal, unpaid and deferred interest, projected escrow shortages, escrow advances and other costs, but excludes unpaid late charges, and is less any amounts paid to the Lender but not previously credited to my Loan. The current Total Outstanding Balance of my loan is **$94,779.69**.

    C.    The Total Outstanding Balance will be reduced by **$15,789.41**. This amount will be included in a new, non-interest bearing Subordinate Note ("Subordinate Note"), payable to HUD, and will not be due until the Original Note is paid off, matures, or I sell the property, whichever is earliest.

**Loan Number** ██████████

D. The Total Outstanding Balance less the amount of the Subordinate Note, or **$78,990.28**, will be the New Principal Balance of my Original Note. Interest at the rate of **3.1250%** will begin to accrue on the New Principal Balance as of **JULY 01, 2022** and the first new monthly payment on the New Principal Balance will be due on **JULY 01, 2022**. My payment schedule for the modified Loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 30 | 3.1250% | 06-01-2022 | $338.37 | $461.49, may adjust periodically | $799.86, may adjust periodically | 07-01-2022 | 360 |

*The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

The above terms in this Section 3.D. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable, step or simple interest rate or for a graduated or growing-equity payment schedule.

I understand that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified Loan will be the minimum payment that will be due each month for the remaining term of the Loan. My modified Loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest being added to the outstanding principal balance.

E. I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

F. If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.D.

G. I agree to pay in full the Subordinate Note and any other amounts still owed under the Loan Documents by the earliest of: (i) the date I sell or transfer an interest in the Property, (ii) the date I pay all amounts due and owing under the Original Note, including any subsequent modifications to the Original Note, or (iii) the new Maturity Date set forth in Section 3.A above.

4. **Additional Agreements**. I agree to the following:

91003004v3.1
Rev. 10/16
Version 05_04_2022_15_00_19

*(page 4 of 10)*

**Loan Number** ▇▇▇▇▇▇

A.   That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, the Subordinate Note, and the Subordinate Security Instrument, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing.

B.   That this Agreement, the Subordinate Note, and the Subordinate Security Instrument shall supersede the terms of any modification, forbearance, trial period plan or other workout plan that I previously entered into with Lender.

C.   To comply, except to the extent that they are modified by this Agreement, the Subordinate Note, and the Subordinate Security Instrument, with all covenants, agreements, and requirements of the Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

D.   That this Agreement constitutes notice that the Lender's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my escrow account.

E.   That the Loan Documents as modified by this Agreement are duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed. The Loan Documents constitute a first lien on the Property and are in no way prejudiced by this Agreement.

F.   That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, the Subordinate Note, and the Subordinate Security Instrument, remain in full force and effect; nothing in this Agreement or the Subordinate Note, or the Subordinate Security Instrument shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Subordinate Note, and the Subordinate Security Instrument, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

G.   That the mortgage insurance premiums on my loan may increase and the date on which I may request cancellation of mortgage insurance may change as a result of this loan modification.

Loan Number ███████

H.  That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Security Instrument. Lender shall not exercise this option if state or federal, rules or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Subordinate Security Instrument. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on me.

I.  That, as of the Modification Effective Date, I understand that the Lender will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

J.  That, as of the Modification Effective Date, if any provision in the Original Note or in any addendum or amendment to the Original Note allowed for the assessment of a penalty for full or partial prepayment of the Original Note, such provision is null and void.

K.  That, I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage Loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.

L.  That, if any foreclosure action against me is dismissed as a result of entering into this Agreement, I will remain liable for and bear my own attorney fees and costs incurred in connection with such action, if permitted by applicable law.

M.  That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. I understand that either a corrected Agreement or a letter agreement containing the correction will be provided to me for my signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification.

N.  That if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the Loan as modified, or is otherwise missing, I will comply with the Lender's request to

**Loan Number** ███████

execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. All documents the Lender requests of me under this Section 4.N. shall be referred to as "Documents". I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

5.    If I have been granted a discharge in bankruptcy with respect to the Original Note and Security Instrument prior to the execution of this Agreement nothing in this Agreement shall be construed to be an attempt to collect any discharged debt against me personally or an attempt to revive personal liability. However, I acknowledge that Lender retains certain rights, including but not limited to the right to foreclose its lien evidenced by the Security Instrument under appropriate circumstances. The parties agree that the consideration for this Agreement is Lender's forbearance from presently exercising its rights and pursuing its remedies under the Security Instrument as a result of my default thereunder.

6.    If I am a Debtor in an active bankruptcy proceeding, I understand that Court and/or Bankruptcy Trustee approval of this loan modification agreement may be required depending upon jurisdictional requirements. If Court and/or Bankruptcy Trustee approval of the loan modification is required, the loan modification agreement will not be effective unless evidence of the required approval is provided.

(SIGNATURES CONTINUE ON FOLLOWING PAGES)

Loan Number ▮▮▮▮▮▮▮

In Witness Whereof, the Borrower(s) have executed this agreement.

_D. Clay Ward_
Witness Printed Name

_[signature]_
Witness Signature

_Kim Spires_
Witness Printed Name

_Kim Spires_
Witness Signature

_Pat Mitchell_

Borrower -   **PATRICIA MITCHELL**

Date: _5 , 12 , 22_

State of **GEORGIA**                                    )
County of _Columbia_                          )
　　　　Enter County Here

I attest this instrument was signed, sealed and delivered before me on the _12th_ day of
_May_ , _2022_ by **PATRICIA MITCHELL** who proved to me on
the basis of satisfactory evidence to be the person(s) who appeared before me.

_____ Personally Known

or

_JES  ✓_ Produced Identification

Type ID _Georgia Driver's License_

_[signature]_
(Signature of notary public)

_Joseph E. Spires_
(Name of notary typed, stamped, or printed)

Notary Public State of GEORGIA

My Commission Expires: _August 22, 2022_

Stamp/Seal

*[Notary seal: JOSEPH E. SPIRES, NOTARY PUBLIC, COLUMBIA COUNTY, GEORGIA, My Commission Expires August 22, 2022]*

91003004v3.1
Rev. 10/16
Version 05_04_2022_15_00_19

*(page 8 of 10)*

**Loan Number** ▮▮▮▮▮▮▮

In Witness Whereof, the Lender has executed this Agreement.

Lender

**NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER**

By: _____

Printed Name: _____
                       Tyleatha Thurman
                       Vice President
Title: _____

                **MAY  3 1 2022**
Date: _____

_____
Witness for Lender -   Jin Moo Binene

_____
Witness for Lender -

Loan Number ███████

State of MICHIGAN
County of OAKLAND

Acknowledged by _____ Tyleatha Thurman _____, Vice President of Nationstar
Mortgage LLC d/b/a Mr. Cooper a Limited Liability Corporation before me on the _31_ day of
_____ may _____, 2022_,

Signature _____

Printed name _____ T HOUSWORTH _____

Notary public, State of MICHIGAN, County of ___ Oakland _____

My commission expires _____ MAY 2 8 2028 _____

Acting in the County of OAKLAND

```
T HOUSWORTH
Notary Public, State Of Michigan
County of Oakland
My Commission Expires May 28, 2028
Acting in the County of Oakland
```

91003004v3.1
Rev. 10/16
Version 05_04_2022_15_00_19

*(page 10 of 10)*

Recording Requested By/Return To:

**NATIONSTAR MORTGAGE LLC
D/B/A MR. COOPER
999 TECH ROW, #200
MADISON HEIGHTS, MICHIGAN
48071**

This Instrument Prepared By:
**NATIONSTAR MORTGAGE LLC
D/B/A MR. COOPER
8950 CYPRESS WATERS BLVD.
COPPELL, TX 75019**

———————————— [Space Above This Line For Recording Data] ————————————

**Document Date: 05-05-2022**

# PARTIAL CLAIM SECURITY DEED

FHA Case Number █████████████

**Property Address: 301 E BROAD ST, LOUISVILLE, GEORGIA 30434**

THIS SUBORDINATE SECURITY DEED ("Security Instrument") is given on the date of execution. The Mortgagor is PATRICIA MITCHELL, whose address is 301 E BROAD ST, LOUISVILLE, GEORGIA 30434 ("Borrower"). Borrower is the Grantor under this Security Instrument. This Security Instrument is given to the Secretary of Housing and Urban Development, and whose address is 451 7th Street S.W., Washington, DC 20410 ("Lender"). Lender is the Grantee under this Security Instrument. Borrower owes Lender the principal sum of FIFTEEN THOUSAND SEVEN HUNDRED EIGHTY-NINE AND 41/100THS Dollars (U.S. $15,789.41).

91001215v2.6
Version 05_04_2022_15_00_19

*(page 1 of 7)*

Loan Number ████████

**Notwithstanding the foregoing or any other provisions contained herein, if personal liability with respect to any amounts payable under the primary Note has been discharged in bankruptcy, Borrower and Lender understand and agree that nothing contained herein with respect to any amounts payable under this Note, shall be construed to impose personal liability to repay any such obligation in violation of such discharge. Borrower and Lender further understand and agree that to the extent that such personal liability with respect to any amounts payable under the primary Note has been discharged in bankruptcy, Borrower is entering into this Note voluntarily for the benefits to be obtained thereby and not as an affirmation of the debt evidenced by the primary Note, and that this Note, or any actions taken by the Lender in relation to this Note, does not constitute a demand for payment or any attempt to collect any such previously discharged obligation.**

This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on JUNE 01, 2052.

This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, advanced under Paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, warrant, grant and convey to the Lender, with the power of sale the following described property located in JEFFERSON County, GEORGIA:

**Loan Number** ▮▮▮▮▮▮▮

LEGAL DESCRIPTION:
ALL THAT TRACT OR PARCEL OF LAND, TOGETHER WITH DWELLING HOUSE AND ALL OTHER IMPROVEMENTS LOCATED THEREON, LYING AND BEING IN THE CITY OF LOUISVILLE, 82ND G.M.D., JEFFERSON COUNTY, GEORGIA, AND BEING SHOWN AS PARCEL 2 ON PLAT OF SURVEY MADE BY WALTER K. MAUPIN, SURVEYOR, DATED MAY 22, 1969, AND RECORDED IN DEED BOOK 79, PAGE 585, JEFFERSON COUNTY RECORDS. SAID PROPERTY FRONTS TO THE SOUTHWEST ON EAST BROAD STREET, A DISTANCE OF 121.0 FEET, MORE OR LESS, AND IS BOUNDED NOW OR FORMERLY AS FOLLOWS: ON THE NORTHWEST BY SCREVEN STREET; ON THE NORTHEAST BY PARCEL 1 AS SHOWN ON SAID PLAT; ON THE SOUTHEAST BY PARCEL 3 AS SHOWN ON SAID PLAT; AND ON THE SOUTHWEST BY EAST BROAD STREET. REFERENCE IS MADE TO SAID RECORDED PLAT FOR A FULLER AND MORE PARTICULAR DESCRIPTION.
Tax Parcel No.:
▮▮▮▮▮▮

which has the address of 301 E BROAD ST, LOUISVILLE, GEORGIA 30434 ("Property Address").

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:

UNIFORM COVENANTS.

**1. Payment of Principal**. Borrower shall pay when due the principal of the debt evidenced by the Note.

91001215v2.6
Version 05_04_2022_15_00_19

*(page 3 of 7)*

Loan Number ████

**2. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**3. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

**4. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to: U.S. Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 7th Street S.W., Washington, DC 20410 or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**5. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**6. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

91001215v2.6
Version  05_04_2022_15_00_19

*(page 4 of 7)*

**Loan Number** ████████

NON-UNIFORM COVENANTS.

Borrower and Lender further covenant and agree as follows:

    **7. Acceleration; Remedies.**

    **Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument, as required by applicable law. Following any notice required by applicable law, Lender at its option may, as permitted by applicable law, require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Paragraph 7, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

    **If Lender invokes the power of sale, Lender shall give a copy of a notice of sale by public advertisement for the time and in the manner prescribed by applicable law. Lender, without further demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Lender determines. Lender or its designee may purchase the Property at any sale.**

    **Lender shall convey to the purchaser indefeasible title to the Property, and Borrower hereby appoints Lender as Borrower's agent and attorney-in-fact to make such conveyance. The recitals in the Lender's deed shall be prima facie evidence of the truth of the statements made therein. Borrower covenants and agrees that Lender shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it. The power and agency granted are coupled with an interest, are irrevocable by death or otherwise and are cumulative to the remedies for collection of debt as provided by applicable law.**

    **If the Property is sold pursuant to this Paragraph 7, Borrower, or any person holding possession of the Property through Borrower, shall immediately surrender possession of the Property to the purchaser at the sale. If possession is not surrendered, Borrower or such person shall be a tenant holding over and may be dispossessed in accordance with applicable law.**

91001215v2.6
Version 05_04_2022_15_00_19

████████████████████████████████████████

Loan Number ████████

**If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 4 of the Note, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. § 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this paragraph or applicable law.**

**8. Release.** Upon payment of all sums secured by this Security Instrument, Lender shall cancel this Security Instrument. Lender may charge the Borrower for the actual costs and fees of recordation, where recordation is the Borrower's responsibility under applicable law.

**9. Waiver of Homestead.** Borrower waives all rights of homestead exemption in the Property.

**10. Security Deed.** This conveyance is to be construed under the existing laws of the State of Georgia as a deed passing title, and not as a mortgage, and is intended to secure the payment of all sums secured hereby.

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

_D. Clay Ward_

Witness Printed Name                    Witness Signature

_Kim Spires_

Witness Printed Name                    Witness Signature

Borrower -  **PATRICIA MITCHELL**                    Date: _5 / 12th / 2022_

**Loan Number** ███████

State of **GEORGIA**
County of _Columbia_ )
     Enter County Here

I attest this instrument was signed, sealed and delivered before me on the _12ᵗʰ_ day of
_May_ , _2022_ by **PATRICIA MITCHELL** who proved to me on
the basis of satisfactory evidence to be the person(s) who appeared before me.

_____ Personally Known

or

_YES_ ✓ Produced Identification

Type ID _Georgia Driver's License_

_Josh E. Spires_
(Signature of notary public)

_Joseph E. Spires_
(Name of notary typed, stamped, or printed)

Notary Public State of GEORGIA

My Commission Expires: _August 22, 2022_

Stamp/Seal

*(JOSEPH E. SPIRES — NOTARY PUBLIC — My Commission Expires August 22, 2022 — COLUMBIA COUNTY, GEORGIA — notary seal)*

91001215v2.6
Version 05_04_2022_15_00_19

*(page 7 of 7)*

## SUBORDINATE NOTE

FHA Case Number ████████

MAY 05, 2022

301 E BROAD ST
LOUISVILLE, GEORGIA 30434

### 1. **PARTIES**

"Borrower" means each person signing at the end of this Note and the person's successors and assigns. "Secretary" or "Lender" means the Secretary of the U.S. Department of Housing and Urban Development and its successors and assigns.

### 2. **BORROWER'S PROMISE TO PAY**

In return for a loan received from the Lender, the Borrower promises to pay the principal sum of FIFTEEN THOUSAND SEVEN HUNDRED EIGHTY-NINE AND 41/100THS (U.S. $15,789.41), to the order of the Lender.

**Notwithstanding the foregoing or any other provisions contained herein, if personal liability with respect to any amounts payable under the primary Note has been discharged in bankruptcy, Borrower and Lender understand and agree that nothing contained herein with respect to any amounts payable under this Note, shall be construed to impose personal liability to repay any such obligation in violation of such discharge. Borrower and Lender further understand and agree that to the extent that such personal liability with respect to any amounts payable under the primary Note has been discharged in bankruptcy, Borrower is entering into this Note voluntarily for the benefits to be obtained thereby and not as an affirmation of the debt evidenced by the primary Note, and that this Note, or any actions taken by the Lender in relation to this Note, does not constitute a demand for payment or any attempt to collect any such previously discharged obligation.**

### 3. **PROMISE TO PAY SECURED**

The Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if the Borrower defaults under this Note.

### 4. **MANNER OF PAYMENT**

#### (A) Time

On JUNE 01, 2052, or, if earlier, when the first of the following events occurs:

(i) The Borrower has paid in full all amounts due under the primary Note and related mortgage, deed of trust or similar Security Instruments insured by the Secretary, or

(ii) The maturity date of primary Note has been accelerated, or

(iii) The primary Note and related mortgage, deed of trust or similar Security Instrument are no longer insured by the Secretary.

**(B) Place**

Payment shall be made at the Office of Housing FHA-Comptroller, Director of Mortgage Insurance Accounting and Servicing, 451 7th Street S.W., Washington, DC 20410 or any such other place as the Lender may designate in writing by notice to the Borrower.

## 5. BORROWER'S RIGHT TO PREPAY

The Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty. If the Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless the Lender agrees in writing to those changes.

## 6. WAIVERS

The Borrowers and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Lender to demand payment of amounts due. "Notice of Dishonor" means the right to require the Lender to give notice to other persons that amounts due have not been paid.

## 7. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all the amounts owed under this Note.

## 8. SEVERABILITY

If one section of this instrument is found to be void or unenforceable such determination shall not affect the validity or enforceability of other provisions, all of which shall remain in full force and effect.

BY SIGNING BELOW, the Borrower accepts and agrees to the terms and covenants contained in this Note.

_____     Date: 5 , 12 , 22

Borrower -   **PATRICIA MITCHELL**

91004009v3.1
Subordinate Note
Page **2** of 2                    Version 05_04_2022_15_00_19

# DOCUMENT CORRECTION AGREEMENT
("Agreement")

Loan Number: ▮▮▮▮▮ (the "Loan")

**AGREEMENT TO CORRECT MISSTATED DOCUMENTS AND TO PROVIDE ADDITIONAL DOCUMENTATION**: In consideration of NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER providing the loan modification (the "Workout") as requested by the undersigned ("Borrower"), and regardless of the reason for any loss, misplacement, or inaccuracy in any of the enclosed documents, Borrower agrees as follows: If any document is lost, misplaced, misstated or inaccurately reflects the true and correct terms and conditions of the Workout, upon request of NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER, the Borrower will comply with any request to execute, acknowledge, and deliver to NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER any documentation ("Replacement Documents") NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER deems necessary to replace or correct the lost, misplaced, misstated or inaccurate document(s). The Borrower agrees to deliver the Replacement Documents within ten (10) days after receipt by the Borrower of a written request for such replacement.

**REQUEST BY NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER**: Any request under this Agreement made by NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER, (including assignees and persons acting on behalf of NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER), shall be prima facie evidence of the necessity for the same. A written statement addressed to the Borrower, first class postage prepaid, at the mailing address indicated in our records shall be considered conclusive evidence of receipt by the Borrower of the request for Replacement Documents.

**BORROWER LIABILITY**: If the Borrower fails or refuses to execute, acknowledge, and deliver the Replacement Documents to NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER more than ten (10) days after being requested to do so by NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER, the Borrower shall be liable for any and all loss or damage which NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER reasonably sustains thereby, including, but not limited to, all reasonable attorneys' fees and costs incurred by NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER. In addition, NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER may elect to declare the Workout null and void in which case the loan shall return to the status as existed prior to the Workout. Any funds received by NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER in conjunction with the Workout shall be retained by NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER and applied to the loan as determined by NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER in its discretion.

_____   Date: 5 , 12 , 22
**PATRICIA MITCHELL**